Mary E. Bacon, Esq.
(NV Bar No. 12686)
SPENCER FANE LLP
300 S. Fourth Street, Suite 950
Las Vegas, NV 89101
Telephone: (702) 408-3400
Facsimile: (702) 408-3401
Email: mbacon@spencerfane.com

*Attorneys for Defendants,*
*United Services Automobile Association and*
*USAA General Indemnity Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF NEVADA**

| | |
|---|---|
| **KEVIN PHILLIP RASPPERRY**, individually,<br><br>Plaintiff,<br><br>Vs.<br><br>**UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA GENERAL INDEMNITY COMPANY**; DOES 1 through X, and ROE CORPORATIONS I through X; inclusive,<br><br>Defendant. | CASE NO. 2:24-cv-01674-MDC<br><br>**UNITED SERVICES AUTOMOBILE ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant United Services Automobile Association ("USAA") herein respectfully submits its Reply in support of its of Motion to Dismiss Plaintiff's Complaint (the "Motion").

## I. INTRODUCTION

Plaintiff does not challenge the undisputed fact that his insurance policy was issued by USAA General Indemnity Company ("USAA GIC"). Plaintiff's Opposition ("Opposition") fails to refute USAA's argument, and it is littered with improper references to documents and information found nowhere in the Complaint, including the annexed declaration of Plaintiff's counsel. (*See* Dkt. 22). This is impermissible for the purposes of consideration of the sufficiency of Plaintiff's allegations for 12(b)(6) purposes. (*See U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).)

Plaintiff's Opposition does nothing to change the fact that his Amended Complaint fails to allege a plausible allegation against USAA.

This Court should dismiss USAA from this action for three reasons. First, it is undisputed that USAA GIC, not USAA, issued Plaintiff's insurance policy. As much as Plaintiff conflates and interchanges the identities of USAA and USAA GIC, even he concedes the policy declarations page (the controlling policy document) clearly states that USAA GIC provided the insurance policy. Second, it is a well-established legal principle that a parent-subsidiary relationship does not make the parent company liable for the torts of the subsidiary. In order to hold the parent company liable, Plaintiff must be able to show that the corporate veil was pierced, which Plaintiff's Opposition to USAA's Motion to Dismiss falls far short. Third, Plaintiff's desperate contortions of his "joint venture" further underscore that USAA was only included in this lawsuit to defeat diversity jurisdiction. This Court should not reward Plaintiff's gamesmanship and fraudulent behavior and see through Plaintiff's thinly veiled attempts.

Finally, this Court should sustain USAA's motion to dismiss without leave amend because Plaintiff did not set forth any argument on how the amendment would remedy the abovementioned issues. The Court should also be mindful that Plaintiff has already had the opportunity to amend his Complaint within this Court's jurisdiction. (*See Cafassao, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.")).

## II. LEGAL ANALYSIS/ARGUMENT

### *A. The Court Should Disregard Plaintiff's References to Documents Which Are Not Extensively Referred To In the Amended Complaint*

Plaintiff's Opposition abuses the incorporation-by-reference doctrine to create a newly expanded version of the Amended Complaint. "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the Complaint may be considered on a motion to dismiss." (*Hal Roach Studios, Inc. v. Richard Reiner & Co.*, 896 F. 2d 1542 1555 (9th Cir. 1989)). The district court may "consider certain materials – documents attached to the complaint, documents

incorporated by reference in the complaint, or matter of judicial notice – without converting the motion to dismiss into a motion for summary judgment." (*U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). However, this judicially created doctrine is not without limitation. In Ritchie, the Court explained the document must be referred to "extensively" in the Complaint, "or form[] the basis of plaintiff's claim." (*Id*. at. 907). However, "the mere mention of the existence of the document is insufficient to incorporate the contents of a document" under *Ritchie*." (*Khoja v. Orexigen Therapeutics*, Inc., 899 F.3rd 988, 1002 (9th Cir. 2018)) (Citations Omitted)).

The Court should confine its analysis to the pleadings and the document(s) referred to *extensively* in the Amended Complaint. The USAA GIC insurance policy is referred to extensively throughout the Complaint and is the operative document for the Court to consider. But, beyond that, Plaintiff's Opposition relies upon several other documents not referenced or attached to the Amended Complaint. For example, Plaintiff has included a factual declaration of counsel. (Dkt. 22, pp. 3 -5). He refers to arguments he has made previously in his Motion and Reply to Remand, as well as a deposition transcript and the contents thereof. (Dkt. 22, p. 6). He includes references to property damage payments, which were never discussed in the Amended Complaint. (Dkt. 22, p.7, fn.5). Plaintiff also references the Agreement Production of Document of Claim Related Materials, which was part of his allegations. (Dkt. 22, p. 9). Furthermore, he incorporates a benign email with a date that does not correspond to any of the allegations in his Amended Complaint to prove a point that falls beyond the scope of the allegations as alleged. (Id).

Plaintiff's attempt to shoehorn these additional facts should not be rewarded, and it suggests he does not have confidence in the plausibility of his own allegations. Indeed, the Court should refrain from endorsing Plaintiff's attempt to introduce new material that was not initially included in his Amended Complaint.

### ***B. Plaintiff's Conclusory Allegations in His Amended Complaint Are Insufficient to Survive a 12(b)(6)***

Plaintiff has failed to plead a viable claim against USAA. Plaintiff's claims are contractual claims against his insurer, which necessarily require a contractual relationship. A breach of contract claim naturally requires a contractual relationship. Moreover, a cause of action for the

contractual breach of the covenant of good faith and dealing occurs when the "terms of a contract are literally complied with, but one party to the contract deliberately contravenes the intention and spirit of the contract. (*Hilton Hotels Corp. Butch Lewis Productions, Inc.*, 107 Nev. 226, 808 P.2d 919, 922-23 (1991).

It is undisputed that Plaintiff's operative insurance contract was with USAA GIC. The language of the policy also speaks for itself. Within the policy, the page entitled "Definitions" includes the following definitions:

> **B. "We," "us," and "our" refer to the Company providing this insurance.**

(Dkt. 10-1, p. 33.). The company providing insurance is clear when one turns to the Declarations page, which includes, *inter alia*, the names of both parties to the contract (USAA General Indemnity and Rita Raspperry), the policy number, the premium costs, the various coverage applicable to this policy. (Dkt. 10-1, pp. 7-8). Upon reading the Declarations Page, it is apparent that USAA General Indemnity Company is the company that provides insurance. Beyond that, the policy number has "GIC" as the prefix (Dkt. 10-1, p. 2), and the insurance cards reflect USAA GIC as the insurer (Dkt. 10-1, pp. 5-6). In fact, the policy number with the "GIC" prefix is on the top right-hand corner of almost every document of the policy, with the only real exceptions being the Declarations Page and insurance cards (where "USAA General Indemnity Company" is stated) (Dkt. 10-1, pp. 9-18, 23-71).

Case 2:24-cv-01674-JAD-MDC Document 12-6 Filed 09/16/24 Page 7 of 71

PAGE 6

USAA GENERAL INDEMNITY COMPANY

(A Stock Insurance Company)

USAA® 9800 Fredericksburg - San Antonio, Texas 78288

NEVADA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

ADDL INFO ON NEXT PAGE MAIL MCH-M-I

RENEWAL OF

| State | 02 | 04 | | | Veh | POLICY NUMBER |
|---|---|---|---|---|---|---|
| NV | 188 | 188 | | | Terr | 03852 12 89G 7101 9 |

POLICY PERIOD: (12:01 A.M. standard time)
EFFECTIVE SEP 28 2019 TO MAR 28 2020

Named Insured and Address

RITA RASPPERRY
[redacted]

OPERATORS
01 RITA RASPPERRY

USAA® 9800 Fredericksburg Road
San Antonio, Texas 78288

NEVADA EVIDENCE OF MOTOR VEHICLE LIABILITY INSURANCE

COVERAGE MEETS REQUIREMENTS OF NRS 485.185. THIS EVIDENCE OF INSURANCE HAS BEEN APPROVED BY THE NEVADA COMMISSIONER OF INSURANCE. THIS EVIDENCE OF INSURANCE MUST BE CARRIED IN THE INSURED MOTOR VEHICLE FOR PRODUCTION ON DEMAND.

Name
RITA RASPPERRY
[redacted]

Policy Number 03852 12 89G 7101 9
Effective Date 09/28/19
Expiration Date 03/28/20
Year Make
2012 NISSAN
Vehicle Identification Number
1N4AL2AP9CN516325

USAA GENERAL INDEMNITY COMPANY 18600
CONTACT US: 210-531-USAA(8722) OR 800-531-USAA

Additional copies available at usaa.com

GIC 03852 12 89 7101 9

(Dkt.10-1, p.2, 6-8). USAA GIC is undoubtedly the Plaintiff's insurer, and USAA GIC is the only company that should be a party to the Plaintiff's contract claims.

In making his 'joint venture' argument, Plaintiff relies on a refrain that USAA GIC and USAA "in name only." "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Ranza v. Nike, Inc.* 793 F 3d. 1059, 1070 (9th Cir. 2015) (Quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474, 123 S. Ct. 1655, 155 L. Ed.2d 643 (2003)). "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." (*United States v. Bestfoods,* 524 U.S. 51, 61 (1998).) It is hornbook law that "the exercise of the 'control' which stock ownership gives to the stockholder… will not create liability beyond the assets of the subsidiary." (*Id.*)

In *Prucdencio v. Midway Importing, Inc.*, the Plaintiff's Complaint stated that "Midway and Grisi USA 'are together responsible for labeling…Grisi Products in the United States, including soap products at issue' and they 'authorized the [] labels.'" (831 F. App'x 808, 810 (9th Cir. 2020). However, the Court found that "the sole factual basis for these conclusory allegations [was] that: (i) Grisi Mexico has an ownership interest in Midway and Grisi USA; (ii) Midway and Grisi USA 'common employees, ownership, and business function;' and (iii) a translated article and an employee's LinkedIn profile indicate that Midway and Grisi USA are responsible for 'marketing.''" (*Id.*) In dismissing Plaintiff's Complaint, the Ninth Circuit reasoned that the conclusory allegations, were, as "they provid[ed][an] insufficient factual enhancement to cross the line between possibility and plausibility." (*Id.*) The Court further notes that "it [was] well established that a parent-subsidiary relation by itself [was] insufficient to impute liability." Moreover, "there was no significance in the fact that they share 'common employees, ownership, and business formations." (*Id.*). Similarly, USAA GIC's liability cannot be imputed upon USAA.

In the instant matter, Plaintiff confuses and conflates the difference between parent-subsidiary companies and that of joint venture partnerships. USAA argued that Plaintiff failed to set forth facts concerning the inception, scope, and duration of the alleged joint venture - because these are distinct characteristics of a joint venture partnership, as explained in USAA's original

motion. (Dkt. 16, p. 10). Plaintiff seemingly brushes these requirements to the side, in his Opposistion, likely because he has no intention of exploring these issues in discovery if this case is remanded. (Dkt. 22, p.17:7-14). Plaintiff does even try to offer the Court with an example of a parent company and its subsidiary company concurrently operating as a joint venture – most likely because the overlap of those two types of business relationships is incompatible.

Plaintiff's conclusory allegations fail to give rise to a cause of action against USAA for its direct involvement in a breach of Plaintiff's contract with USAA GIC. USAA GIC is only the entity that issued the policy, and it is the only entity that should remain in this action. Accordingly, this Court should dismiss USAA as a Defendant.

***C. USAA GIC and USAA Are Two Distinct Companies and Plaintiff Cannot Fraudulently Join Them to Defeat Diversity***

Plaintiff will be able to maintain his breach of contract and bad faith claims against USAA GIC, even if USAA is dismissed. USAA is only a party to this action, so Plaintiff can defeat diversity jurisdiction and remand this case to state court, where he may obtain a more favorable result. Courts in other jurisdictions have seen through these baseless attempts and have found that USAA was fraudulently joined as a defendant when USAA was not the insuring entity. In *Pegg v. United Servs. Auto. Ass'n*, 2009 WL 2928920 (D.N.J. 2009), the District of New Jersey concluded that there was "absolutely no reasonable basis" to support a breach of contract claim against USAA where a subsidiary of USAA issued the insurance policy:

> Upon reviewing the policy of the insured under which Plaintiff asserts his cause of action, it is clear that USAA CIC is the insurance carrier for Plaintiff and not USAA. The declaration pages identify USAA CIC as the corporate entity that entered into the contract to provide insurance coverage . . . . . Moreover, the insurance identification cards issued to [the insureds] clearly identify the insuring company as USAA CIC and not USAA. Nowhere in the policy is USAA identified as the insurer for the insured. The fact that the USAA logo appears sporadically throughout the insurance policy does not impose a contractual obligation upon USAA to insure the Plaintiff. And to the extent that Plaintiff now asserts that this Court should pierce the corporate veil in order to hold USAA liable, no facts alleged in the Complaint support such a proposition. Even taking into account the high standard for dismissing a non-diverse party based on fraudulent joinder, it is clear that New Jersey law simply does not permit a plaintiff to sue a party other than the insure[r] for breach of contract under an insurance policy.

(*Pegg*, *supra*, 2009 WL 2928920 at *2.) (*See also*, Minute Order, *Holden v. United Services Auto. Ass'n*, No. 07-5424 (C.D. Cal. Entered Nov. 20, 2007) (finding fraudulent joinder of USAA where USAA subsidiary issued the insurance policy); Order and Reasons, *Schewe v. USAA Cas. Ins. Co.,* No. 06-881 (E.D. La. entered July 27, 2007) (finding that USAA improperly joined where USAA GIC issued policy); (*Salkin v. United Services Auto. Ass'n*, 767 F. Supp. 2d 1062 (C.D. Cal. 2011) (finding USAA fraudulently joined).

## III. CONCLUSION

For all the reasons stated in this Reply (and Motion), USAA respectfully requests that this Court enter an order dismissing it from the instant action.

Dated: October 15, 2024

**SPENCER FANE LLP**

By:/s/ Mary E. Bacon
Mary E. Bacon, Esq.
NV Bar No. 12686
300 S. Fourth Street, Suite 950
Las Vegas, NV 89101
*Attorneys for Defendants,*
*United Services Automobile Association and*
*USAA General Indemnity Company*

**CERTIFICATE OF SERVICE**

On October 15, 2024, I certify that a true and correct copy of **UNITED SERVICES AUTOMOBILE ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed using the Court's CM/ECF system, which will electronically notify all counsel of record.

By: /s/ Adam Miller________________________
An employee of Spencer Fane LLP